# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

FILED '23 06 08 AM 09:35 MDGA-MAC

ALAN RICHARD HALL #1305818

VS                              Case No:

Rick Shepard; Brian Adams;
Warden Morales; Joseph Polite;
Joe Williams; ~~and Mr.~~ Counselor

Tillman; Counselor Miss Reynolds;

Robert Toole; Ahmed Holt

## Plaintiffs Initial Complaint
## UNDER 42 U.S.C § 1983

### ✱ INTRODUCTION ✱

1) This is a civil rights action filed by ALAN RICHARD HALL a
state Prisoner for Preliminary and Permanent injunctive relief under
42 U.S.C § 1983
    Alleging the complete denial of Procedural Due Process and
Deliberate Indifference to plaintiffs Personal liberty violating the
fourteenth Amendment and cruel and unusual Punishment violating
the Eigth Amendment

### ✱ JURISDICTION ✱

2) The court has jurisdiction over Plaintiffs claims of Federal
constitutional rights Under 28 U.S.C § 1331 and § 1343 (a) Injunctive relief
Pursuant to 28 U.S.C § 2283 and § 2284 and under Rule 65 of
the Fed.R.Civ.P.

### ✱ PLAINTIFF ✱

3) Plaintiff ALAN RICHARD HALL is the Plaintiff in and throughout these Pleadings,
Proceeding without Prejudice and in good faith and standing. Proceeding
without Prejudice and in good faith. Proceeding Propria Persona Pursuant
to 28 U.S.C § 1654
    Throughout these Pleadings Plaintiff has been housed at
Georgia Diagnostics & Classification Prison. special Management Unit
(G.D.C.P. S.M.U)

### ✱ Defendants ✱

4) Defendants Ahmed Holt, Robert Toole, Rick Shepard, Brian Adams, Warden Morales,
Joseph Polite, Joe Williams are superintendents/wardens. they are respon-
sible for any local customs following state Policy, the safe and secure
housing and the overall care of Prisoners under their care. They are also
responsible for all activities permitted and those Prohibited by staff
and Prisoners alike. For all reviews of grievances, classification reviews
and disciplinary hearing reviews
Defendant Ahmed Holt is the assistant commissioner and can be
located at G.D.C Forsyth office, 300 Patrol Rd, Forsyth, G.A, 31029
Defendant Rick Shepard 'regional director', Robert Toole, 'Field operational
manager, Mr Warden Morales, Warden Brian Adams, Warden Joseph
Polite all can be located at GDC Forsyth office, 300 Patrol Rd, Forsyth
G.A, 31029

5) Defendant Joe Williams is the active warden and can be located at Georgia Diagnostic & Classification Prison. S.M.U. P.O Box 3877, Jackson, G.A, 30233

6) Defendants Mr Tillman and Miss Reynolds both are counselors at S.M.U responsible for the needs of prisoners and informing of Classification hearings, conducting classification hearings, deal with grievances, visitation, phone lists and supplying prisoners with appeals forms copies of Assignment memos and telling us decisions of 90 day reviews and telling prisoners what phase they in are phasing us up and completing programs.
Mr Tillman and Miss Reynolds both can' be located at G.D.C.P. S.M.U P.O Box 3877, Jackson, G.A, 30233

## FACTS

Point (I) matters of Denial of Procedural Due Process and cruel and unusual Punishment

7) without any hearing or prior notification Plaintiff was transferred from Smith State Prison (i.e in general population) to G.D.C.P S.M.U Tier III program on April 28th 2021

8) Plaintiff prior to said tranfer was working in the kitchen and was getting ready for work that morning and had not committed any infraction or receive a disciplinary report at the time Plaintiff was tole to pack his property.

9) At the time plaintiff was housed at smith state prison and left smith state prison Brian Adams was the active warden

10) According to S.O.P Policy Number: 209.09
Process for Assignment to the Tier III Program states as follows
A request to assign an offender to the Tier III Program begins as a recommendation to the Tier III Program Classification committee. The request must be made on the Tier III Program Assignment Request form.

11) If the Warden recommends approval, he or she must forward the Tier III Program Assignment Request form, Attachment 1, and the Tier III program Assignment Memo (Attachment 2) to the Regional Director. The warden must include in detail all sufficient information for recommending assignment to the Tier III Program. The Regional Director will recommend approval or disapproval of assignment. A decision must be rendered within seven (7) calendar days.

12) If the Regional Director approves for assigment to the Tier III Program, the offender must be served with a copy of this action (Attachment and that service must be documented.

13) A formal hearing will be convened to advise the offender that he or she is being assigned to the Tier III program. The offender must be given an opportunity to be present at this hearing, which must include the following:
a.) At least 48 hours prior to the hearing, the offender must be served with a copy of the Tier III Program Assignment Request form.
b.) the offender has the right to attend the hearing. the offender may forfeit this right if he or she is disruptive, and this disruption shall be documented.
c.) The offender has the right to make a statement and to be present documents. However, the offender does not have a right to call witnesses, and
d.) The offender has the right to submit a written statement.

14) The offender may submit written objections to this recommendation. Those objections must be submitted to the Director, Field Operations (or designee), utilizing the Tier III Program Assignment Appeal Form, Attachment 3, within fourteen (14) calendar days from receipt of the Notice of the Assignment to the Tier III Program.
The offender shall provide the Tier III Program Assignment Appeal Form, Attachment 3, to the offender's assigned counselor, who will sign and date that the appeal was received. The offender shall sign and date the Tier III Program Assignment Appeal Form, Attachment 3 acknowledging that the counselor has received the appeal. The assigned counselor will provide a copy of the signed Tier III Program Assignment Appeal Form, Attachment 3, to the offender.
Formal placement of the offender to the Tier III Program must not be made until after the time for the offender to submit Objections expires.

Point II    All of the above Tier III program rules above explains a violation of my due process rights because.
15) As seen in Exhibit 'A' my last disciplinary report was on 2/28/20
16) Officers came to my room and didn't explain anything but told me to pack it up on friday 4/28/21
17) If the entire Tier III process was already completed before 4/28/21 then where is the Disciplinary report to support placement in the program?
17) The was no formal hearing advised to plaintiff about being placed in the Tier III program
18) The rules state at least 48 hours prior to the hearing, the offender must be served with a copy of the Tier III Program Assignment Request Form.
19) Formal placement of the offender to the Tier III Program must not be made until after the time for the offender to submit objections expires.
20) How could the plaintiff be placed in Tier III if he wasn't served with no papers or signed anything and therefore couldn't submit no objections?

Point III  21) Upon arrival to S.MU on 4/28/21 warden morales and his staff knowing violated S.O.P 11809-0004 because no classification was conducted and plaintiff wasn't served a copy of anything 48 hours prior to placement to prepare a defense.
22) Upon arrival plaintiff asked warden morales at his door while he was in his cell what was his reason for being here. Warden morales response was because of two other prisoners coming here from the same prison (smith state prison) and being tied in with a officer who was caught bringing money in allegedly for one of the prisoners who allegedly was her boyfriend

23) It should be noted that these two prisoners were roommates and plaintiff wasn't even housed in the same dorm and one prisoner admitted he forced the officer to bring money in and the two prisoners were brought to S.MU on 4/21/21 a full week before plaintiff

24) One day coming from the yard plaintiff read his door chart and it said "Introducing contraband to the prison.

25) As noted in Exhibit A plaintiff last D.R was 2-28-20 so how could plaintiff introduce contraband into a prison if plaintiff wasn't caught with any contraband?

26) Plaintiff did receive a D.R dated 4/29/21 for contraband found in his cell but it should be noted that plaintiff was served this D.R at S.M.U a week later and plaintiff had a roommate and whatever was found was after plaintiff was already packed up and in intake or on the van on the way to S.M.U

27) Even with D.R from 4/29/21 Plaintiff wasn't notified 48 hours in advance and wasn't given a chance to present witnesses or submit objections which is still a violation on due process rights

28) If plaintiff wasn't in no riot, didn't escape or attempt to escape and didn't harm any other prisoner or staff then where is the D.R on 4/28/21 on a few days or week before that would warrant a process to Tier III program?

29) Now comes today 6/6/23 25 months later plaintiff is still at S.M.U

30) Its 5 phases to complete the program and plaintiff has been on phase 5 with completion of program and was recommended for stepdown program in August 2022.

30) Since plaintiff been here he has completed the required O.U.T program with counselor Miss Reynolds

Point IV                CRUEL AND UNUSUAL Punishment and Atypical
                        and Significant Hardships

31) According to the prisoners self help litigation manual it has been ruled—In general confinement in a "special housing unit" (SHU) for 305 days or more is atypical and significant.

32) On Wednesday 5/10/23 Plaintiff went to his 24 month hearing in front of classification committee and he spoke with F.O.M Mr Robert Toole.

33) It should be noted according to the S.O.P offenders shall not be held in the Tier III Program for more then 24 months.

34) Mr Toole didn't render a decision he told Plaintiff that assistant commissioner Mr Holt would come talk to him on friday 5/12/23.

35) When 5/12/23 came Mr Holt pulled two prisoners out but never came to speak to the plaintiff.

36) This hearing was still in violation of S.O.P 209.09 because it says at least 48 hours before the hearing, the offender must be served with a copy of the 90-Day Hearing/Review form.

37) Also my 24 month hearing was 5/10/23 and according to S.O.P field operations and the Assistant commissioner have 10 business days to review the packet to render a recommendation

38) Today is 6/6/23 20 business days after my last hearing which is 10 business days a piece and I haunt heard anything from field operations or Assistant Commissioner.

39) According to S.O.P 209.09 page (9 of 37 it says it states "If the Director, Field Operations (or designee) disapproves' of the recommendation to release the offender from the Tier III Program, then the offender must be served with a copy of the 90-day review form, Attachment 4, and advised he or she is being denied assignment to Tier III STEP Program.

40) clear violation of due process because 20 days is up today 6/6/23 and plaintiff hasn't received any forms or heard anything about a decision and even besides, that there is no record of a Assignment to place plaintiff on Tier III to began with.

## CLAIMS FOR RELIEF

41) step by step going back to 4/28/21 the day plaintiff was transferred from smith state prison to Jackson S.M.U plaintiff has showed where there has been a deliberate indifference by denying due process rights for the hearings and paperwork process that it procedurally takes for placement on Tier III programs.

42) cruel and unusual punishment, and atypical and significant hardship has been shown by keeping plaintiff in violation of his rights on lockdown longer then 30 days which amounts to almost 26 Months as of today 6/6/23.

### Relief Requested.

wherefore the plaintiff request the following relief

(A) Issue a preliminary Injunction immediately stating that

(1) Plaintiff be immediately transferred and returned back to general population

B) Issue a injunction and the defendants all parties to follow S.O.P 209.09 and all rules and procedures of Georgia Dept of corrections and make sure Plaintiffs procedural due process rights are protected.

On this 6st day of June 2023

Alan Hall #1305818

ALAN HALL

Jackson State Prison SMU

P.O Box 3877

Jackson, G.A, 30233