IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALAN RICHARD HALL,<br><br>    *Plaintiff*,<br><br>v.<br><br>RICK SHEPARD, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>5:23-cv-00205-TES-CHW |

**ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pro se Plaintiff Alan Richard Hall filed a Motion [Doc. 13], which the Court construes as a motion for preliminary injunction. The United States Magistrate Judge reviewed Plaintiff's Motion and, on January 18, 2024, issued a Report and Recommendation ("R&R") [Doc. 15]. The magistrate judge recommends that the Court deny Plaintiff's Motion because "Plaintiff does not address the required factors to show that he is entitled to a preliminary injunction," the Court lacks the authority to grant the relief Plaintiff seeks, and "Defendants should be afforded an opportunity to respond to Plaintiff's allegations" before "any claims for injunctive relief can be addressed." [*Id.* at pp. 2–3]. Plaintiff filed a timely Objection [Doc. 17] on February 9, 2024.[1] Thus, the

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th

Court must "make a de novo determination of those portions" of the R&R to which he objected. 28 U.S.C. § 636(b)(1)(C). All other portions of the R&R are reviewed for clear error. *Id.* at § 636(b)(1)(A).

Having reviewed Plaintiff's Objection, the Court finds that it is without merit. *See* [Doc. 17]. Plaintiff objects to the R&R on the grounds that "it states that in Plaintiff's [Recast Complaint] that [Plaintiff] stated the same exact claim." [Doc. 17, p. 1]. This is wrong, according to Plaintiff, because in his "original claim there was nothing stated about medical care but in [the Recast Complaint] it was added." [*Id.*]. Plaintiff misunderstands the R&R—the magistrate judge found that the *relief* Plaintiff seeks in his Motion is the same as the *relief* that he seeks in his Recast Complaint. [Doc. 15, p. 2]; *see* [Doc. 5]. Even if Plaintiff's objection did hold water, Plaintiff still fails to address the required factors to show that he entitled to a preliminary injunction. *See* [Doc. 13]; [Doc. 17]; *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

Accordingly, the Court **ADOPTS** the R&R [Doc. 15], **MAKES IT THE ORDER OF THE COURT**, and **DENIES** Plaintiff's Motion [Doc. 13].

**SO ORDERED**, this 12th day of February, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).