# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ALAN RICHARD HALL,<br><br>*Plaintiff*,<br><br>v.<br><br>RICK SHEPARD, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:23-cv-00205-TES |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss [Doc. 37] Plaintiff Alan Richard Hall's Amended Complaint [Doc. 29]. As explained in further detail below, the Court finds that the *Gumm v. Jacobs* Settlement Agreement ("the *Gumm* Agreement") precludes this action, **GRANTS** Defendants' Motion to Dismiss, and **DISMISSES** Plaintiff's Amended Complaint **with prejudice**. No. 5:15-cv-00041-MTT-CHW (M.D. Ga. May 7, 2019), ECF No. 256-1; [Doc. 37]; [Doc. 29].

## BACKGROUND

In the case of *Gumm v. Jacobs*, the Court issued a final order and permanent injunction on May 7, 2019, certifying the *Gumm* settlement class ("the *Gumm* Class"), granting final approval of the *Gumm* Agreement, and adopting the *Gumm* Agreement as

the order of the Court.[1] No. 5:15-cv-00041-MTT-CHW, 2019 WL 2017497, at *1, *3–4, *28 (M.D. Ga. May 7, 2019). In its order, the Court defined the *Gumm* Class as "all persons who are or in the future will be assigned to the facility currently known as the Special Management Unit at Georgia Diagnostic & Classification Prison [("the SMU")], or who are or in the future will be assigned to the Tier III Program." *Gumm*, 2019 WL 2017497, at *3.

The *Gumm* Agreement's terms and conditions provide for various procedures related to the conditions of confinement in the SMU, duration of confinement in the SMU, assignment of inmates to the SMU, and periodic review of assignments to the SMU. Settlement Agreement at ¶¶ 11–56, *Gumm*, No. 5:15-cv-00041-MTT-CHW (M.D. Ga. May 7, 2019), ECF No. 256-1. The *Gumm* "Agreement is binding upon Plaintiffs and the class" as well as upon the Defendants. *Id.* at ¶ 75.

The *Gumm* Agreement's Implementation and Enforcement section dictates that *Gumm* Class members with complaints related to the *Gumm* Agreement must first refer their complaints to class counsel:

> [a]ny complaints or concerns by any plaintiff class member relating to this Agreement, or to the injunctive relief claims in the Third Amended Complaint in this matter, shall be referred to class counsel who shall determine

---

[1] Under the terms of the Court's order, the *Gumm* Agreement was set to expire on May 7, 2022. *Gumm v. Jacobs et al.*, No. 5:15-cv-00041-MTT-CHW, 2019 WL 2017497, at *29 (M.D. Ga. May 7, 2019). However, the Court has extended the terms of the *Gumm* Agreement several times, most recently to six months after the appointment of an independent monitor. Revised Order Holding Defendants in Contempt at 100, *Gumm*, No. 5:15-cv-00041-MTT-CHW (M.D. Ga. Apr. 23, 2024), ECF No. 485. Although the Court cannot ascertain the *Gumm* Agreement's exact expiration date because an independent monitor has not yet been appointed, there is no doubt that the *Gumm* Agreement is still in effect.

> whether enforcement action is warranted pursuant to paragraphs 65–66. The enforcement provisions of Paragraph 66 are exclusive and only class counsel may seek enforcement of any of the terms and conditions of this Agreement. Except for motions by class counsel pursuant to Paragraph 66, no person, including any member of the class, may be heard upon any contempt motion for alleged non-compliance with this Agreement or bring any separate action or proceeding to enforce this Agreement.

*Id.* at ¶ 64. *Gumm* Class members may enforce the *Gumm* Agreement, through class counsel, only after providing notice of, and attempting in good faith to resolve, any alleged breach of the *Gumm* Agreement:

> Plaintiffs may request enforcement of the Agreement by seeking an order requiring the Defendants to show cause why they should not be held in contempt, or by seeking an order for other relief upon noticed motion before the Court. Any such show cause motion will cite the provision(s) at issue and allege that the Defendants have breached said provision(s).

*Id.* at ¶ 66. The Agreement also contains a "Release" that precludes class members from bringing claims that were asserted in the *Gumm* litigation:

> All claims for declaratory and injunctive relief asserted in the Third Amended Complaint shall be finally and fully settled and released, subject to the terms and conditions of this Agreement . . . . The named Plaintiffs and unnamed class members hereby release the Defendants in their official capacities from, and are barred and precluded from prosecuting any claims, causes of action, or requests for any injunctive or declaratory relief that have been asserted in this litigation . . . .

*Id.* at ¶ 76.

Plaintiff originally filed this lawsuit on June 8, 2023, seeking relief under 42 U.S.C. § 1983. [Doc. 1]. He filed his Amended Complaint on March 27, 2024, seeking his immediate removal from the [SMU]" and other injunctive relief. [Doc. 29, pp. 13–14].

3

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on April 29, 2024, arguing that the *Gumm* Agreement precludes Plaintiff from bringing this action. [Doc. 37-1, pp. 2–3]. Before reaching the merits of Defendants' Motion to Dismiss, the Court first sets out the law that will guide its analysis.

## DISCUSSION

### A.    Legal Standard

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted) (alteration in original). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all of the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence

to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. With the foregoing standard in mind, and taking the facts asserted in Plaintiff's Amended Complaint as true, the Court rules on Defendants' Motion to Dismiss.

### B.     Defendants' Motion to Dismiss

Defendants move to dismiss on the grounds that the *Gumm* Agreement bars Plaintiff from bringing this action. [Doc. 37-1, pp. 2–3]. In the alternative, Defendants argue that the Court should dismiss Plaintiff's Amended Complaint under the Prison Litigation Reform Act ("PLRA"). [*Id.* at pp. 3–4].

In his Response, Plaintiff contends that the *Gumm* Agreement doesn't apply to him because he "was not a party to that agreement," "there is no evidence that Plaintiff opted in or out of that agreement," and he "is not seeking relief under that agreement." [Doc. 42, p. 2]. Plaintiff then argues that his Amended Complaint should survive this

6

Motion to Dismiss under the PLRA. [*Id.* at p. 3]. Because the Court finds that this action is precluded by the *Gumm* Agreement, the Court does not reach the issue of dismissal under the PLRA.

The *Gumm* Agreement precludes this action because Plaintiff is a *Gumm* Class member seeking relief for complaints that fall directly under the *Gumm* Agreement's terms and conditions. *See generally* [Doc. 29]; *Gumm*, 2019 WL 2017497; Settlement Agreement, *Gumm*, No. 5:15-cv-00041-MTT-CHW, ECF No. 256-1. First, the Court defined the *Gumm* Class as "all persons who are or in the future will be assigned to the facility currently known as the [SMU], or who are or in the future will be assigned to the Tier III Program." *Gumm*, 2019 WL 2017497, at *3–4. Plaintiff alleges that he has been assigned to the SMU's Tier III Program since April 28, 2021, leaving no room for doubt that he is a *Gumm* Class member. *See id.*; [Doc. 29, ¶ 1, 26].

Plaintiff claims that he isn't a *Gumm* Class member because he "was not a party to that agreement[] and there is no evidence that [he] opted in or out of that agreement." [Doc. 42, p. 2]. However, the Court certified the *Gumm* Class under Federal Rule of Civil Procedure 23(b)(2), which contains no opt-out mechanism. *See Gumm*, 2019 WL 2017497, at *1, *3–4, *28; Fed. R. Civ. P. 23(c)(2)(a); *Kincade v. Gen. Tire and Rubber Co.*, 635 F.2d 501, 506–07 (11th Cir. 1981) (holding that settlement class members have no right to opt out of a Rule 23(b)(2) case). Thus, because the *Gumm* Class definition envelopes Plaintiff, he is a member of the *Gumm* Class and may not escape the *Gumm*

7

Agreement's preclusive effects. *See Gumm*, 2019 WL 2017497, at \*1, \*3–4, \*28; Fed. R. Civ. P. 23(b)(2), (c)(2)(a).

Second, the *Gumm* Agreement's terms and conditions squarely cover Plaintiff's complaints. Plaintiff's factual basis for seeking injunctive relief consists of allegations related to his assignment to the SMU, the duration and conditions of his confinement in the SMU, and the periodic review of his confinement in the SMU. [Doc. 29, ¶¶ 1–3, 12–28, 31, 33–37, 39]. Specifically, Plaintiff claims that Defendants arbitrarily assigned him to the SMU's Tier III Program with no process, have kept him in 23-hour lock-down for nearly three years, and refuse to release him despite the fact that he was recommended for a stepdown program in August 2022. [*Id.*]. Plaintiff seeks injunctive relief requiring his immediate removal from the SMU and mandating that "Defendants and all parties adhere to and follow S.O.P. 209.09 and all rules and procedures of the [GDC] and make sure Plaintiff's procedural due-process rights are protected." [*Id.* at pp. 13–14].

As discussed above, these matters relate directly to the *Gumm* Agreement's terms and conditions related to the conditions of confinement in the SMU, duration of confinement in the SMU, assignment of inmates to the SMU, and periodic review of assignments to the SMU. Settlement Agreement at ¶¶ 11–56, *Gumm*, No. 5:15-cv-00041-MTT-CHW, ECF No. 256-1. Thus, Plaintiff must prosecute these complaints, if at all, under the *Gumm* Agreement's enforcement provisions. *See* Settlement Agreement at ¶¶ 64–66, *Gumm*, No. 5:15-cv-00041-MTT-CHW, ECF No. 256-1.

In his Response, Plaintiff argues that he "is not seeking relief under [the *Gumm* Agreement]; rather, [he] has relied upon and cited GDC policy 209.09, which in addition to prohibiting more than a 24-months stay in Tier III, affords Plaintiff even more expressed protections than said agreement." [Doc. 42, pp. 2–3]. Although it's true that Plaintiff does not request relief under the *Gumm* Agreement, as discussed above, that is exactly what he must do. *See generally id.*; Settlement Agreement at ¶ 64, *Gumm*, No. 5:15-cv-00041-MTT-CHW, ECF No. 256-1. Thus, the *Gumm* Agreement bars Plaintiff's claims for injunctive relief.

## CONCLUSION

Accordingly, because the *Gumm* Agreement precludes Plaintiff from prosecuting this action, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 37] and **DISMISSES** Plaintiff's Amended Complaint [Doc. 29] **with prejudice**. Plaintiff must prosecute these claims, if at all, under the *Gumm* Agreement's enforcement provisions. *See* Settlement Agreement at ¶¶ 64–66, *Gumm*, No. 5:15-cv-00041-MTT-CHW, ECF No. 256-1.

**SO ORDERED**, this 6th day of June, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
