IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALAN RICHARD HALL, *Plaintiff*, v. RICK SHEPARD, *et al.*, *Defendants.* | CIVIL ACTION NO. 5:23-cv-00205-TES |

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT**

Before the Court is Plaintiff Alan Richard Hall's Motion to Set Aside Judgment [Doc. 46].[1] Plaintiff filed his original Complaint on June 8, 2023, under 42 U.S.C. § 1983, and then filed an Amended Complaint on March 27, 2024, seeking "his immediate removal from the [SMU]" and other injunctive relief. [Doc. 1]; [Doc. 29, pp. 1, 13–14]. Defendants moved to dismiss Plaintiff's Amended Complaint on April 29, 2024, arguing that the *Gumm v. Jacobs* Settlement Agreement ("*Gumm* Agreement") precludes Plaintiff from bringing this action. [Doc. 37-1, pp. 2–3]; *see* Settlement Agreement, Gumm v. Jacobs, No. 5:15-cv-00041-MTT-CHW (M.D. Ga. May 7, 2019), ECF No. 256-1. The Court agreed, finding that "[t]he *Gumm* Agreement precludes this action because Plaintiff is a *Gumm* Class member seeking relief for complaints that fall directly under

---

[1] The Court considers this Motion immediately after filing under Middle District of Georgia Local Rule 7.7.

the *Gumm* Agreement's terms and conditions." [Doc. 44, pp. 7, 9].

The Court, therefore, entered an Order dismissing Plaintiff's Amended Complaint with prejudice. [*Id.*]. Pursuant to that Order, the Court then entered Judgment [Doc. 45] in favor of Defendants, and Plaintiff now moves to set that Judgment aside under Federal Rule of Civil Procedure 60(b).

Under that rule, the Court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or conduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The purpose of a Rule 60(b) motion is to "permit the [Court] to . . . correct obvious errors or injustices." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977).[2] To prevail, the movant "must provide a justification so compelling that the district court [must] vacate the challenged order." *Bouazizi v. Hillsborough Cty. Civ. Serv. Bd.*, 844 F. App'x 135, 140 (11th Cir. 2021) (quoting *Architectural Ingenieria Siglo XXI, LLC v.*

---

[2] The decisions handed down prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth') "shall be binding as precedent in the Eleventh Circuit" for the court of appeals, the district courts, and the bankruptcy courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

*Dominican Republic*, 788 F.3d 1329, 1343 (11th Cir. 2015)). Although Plaintiff doesn't clearly specify under which subsection of Rule 60(b) he seeks relief, his argument focuses on what he characterizes as "new facts/evidence" under Rule 60(b)(2). [Doc. 46, p. 2]; *see* Fed R. Civ. P. 60(b)(2).

Plaintiff asserts that the "new fact" requiring relief under Rule 60(b)(2) is that, after the Court's Order, he learned that the *Gumm* class counsel would not represent him individually and that their role is limited to broader advocacy for the class. [Doc. 46, pp. 1, 3]. However, to qualify as "newly discovered evidence" under Rule 60(b)(2), evidence must (1) be material to the outcome, and (2) be genuinely new and not available or reasonably discoverable before Judgment through the exercise of due diligence. *See Willard v. Fairfield S. Co.*, 472 F.3d 817, 824 (11th Cir. 2006).

Here, Plaintiff's realization that class counsel does not represent individual class members is neither new nor material within the meaning of Rule 60(b)(2). The terms of the *Gumm* Agreement—publicly available since 2019 and further detailed in the Court's Order—make it clear that only class counsel has authority to pursue enforcement actions, which they pursue on behalf of the class as a whole. *See* Settlement Agreement at ¶ 64, 66, Gumm, No. 5:15-cv-00041-MTT-CHW, ECF No. 256-1; [Doc. 44, pp. 2–3]. Thus, Plaintiff's misunderstanding of class counsel's role and limitations does not qualify as new evidence under Rule 60(b)(2). Fed. R. Civ. P. 60(b)(2); *see Willard*, 472 F.3d at 824.

As an aside, Plaintiff suggests that the Court misled him regarding his need to seek individual representation from class counsel. *See* [Doc. 46, p. 1]. The Court's Order did not direct Plaintiff to seek personal representation from class counsel. *See* [Doc. 44]. Rather, it ruled that Plaintiff's claims fall within the scope of the *Gumm* Agreement, which is enforceable only through "motions by class counsel." *See* [*id.* at p. 3 (quoting Settlement Agreement at ¶ 64, Gumm, No. 5:15-cv-00041-MTT-CHW, ECF No. 256-1)].

Class settlements, such as the *Gumm* Agreement, are designed to promote efficient litigation and uniform relief for all class members. Fed. R. Civ. P. 23(b)(2). These agreements consolidate claims within the class structure to provide group-based relief rather than individual representation or case-by-case litigation. *See id.* Paragraph 66 of the *Gumm* Agreement specifically prohibits individual class members from bringing separate enforcement actions, thereby ensuring a unified approach that benefits the class as a whole. While the Court acknowledges Plaintiff's concern that he is left without individual representation, the *Gumm* Agreement's structure and the limitations it places on individual enforcement actions are legally permissible under Rule 23(b)(2), and allowing Plaintiff to proceed independently would not only be contrary to law but would also undermine the purpose and integrity of the class action structure.

Accordingly, because Plaintiff does not demonstrate the existence of newly discovered evidence or any other reason to set aside the Judgment, the Court **DENIES**

Plaintiff's Motion to Set Aside Judgment [Doc. 46].

    **SO ORDERED**, this 8th day of November, 2024.

                                                   <u>S/ Tilman E. Self, III</u>
                                                   **TILMAN E. SELF, III, JUDGE**
                                                   **UNITED STATES DISTRICT COURT**